**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| LED Wafer Solutions LLC,<br><br>       Plaintiff,<br><br>v.<br><br>Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.,<br><br>       Defendants. | Case No. 6:21-CV-00292-ADA<br><br>Jury Trial Demanded |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff LED Wafer Solutions LLC ("LED Wafer" or "Plaintiff") filed a Complaint for Patent Infringement (the "Complaint") against Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung" or "Defendants"), alleging infringement of U.S. Patent Nos. 8,941,137 (the "'137 Patent"), 8,952,405 (the "'405 Patent"), 9,502,612 (the "'612 Patent"), and 9,786,822 (the "'822 Patent") (the "Asserted Patents" or "Patents-in-Suit"). Defendants filed a motion to dismiss Plaintiff's allegations of willful infringement and indirect infringement pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 14 ("Motion"). The Court granted Defendants' Motion. *See* text order dated July 31, 2021 and Order Amending Text Order dated August 3, 3021, Dkt. 18 (collectively, the "MTD Order"). Defendants hereby submit this Answer to the remaining allegations in the Complaint   To the extent not expressly admitted below, Samsung denies each and every allegation in the Complaint.

# I.   NATURE OF THE ACTION[1]

1.     Samsung admits that this action purports to be an action for patent infringement that seeks injunctive relief and damages.  Samsung denies the remaining allegations in Paragraph 1 of the Complaint, and specifically denies that it, literally and/or under the doctrine of equivalents, has infringed or is infringing any of the Asserted Patents; specifically denies that LED Wafer is entitled to any injunctive relief; and specifically denies that LED Wafer is entitled to any damages.

2.     Samsung denies the allegations in Paragraph 2 of the Complaint.

3.     To the extent an answer to Paragraph 3 of the Complaint is required, Samsung denies that LED Wafer is entitled to any of its requested relief.  Samsung specifically denies that it infringes or has infringed any of the Asserted Patents, and specifically denies that LED Wafer is entitled to past or future damages, or pre-judgment or post-judgment interest.

# II.   PARTIES

4.     Samsung lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5.     Samsung lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6.     Samsung admits that SEC is a Korean corporation with a place of business at 129, Samsung-Ro Yeongtong-gu, Gyeonggi-do 16677, Republic of Korea.  Samsung admits that SEC may be served pursuant to Fed. R. Civ. P. 4(f)(1).  To the extent that any factual allegations remain in Paragraph 6 of the Complaint, Samsung denies them.

---

[1] For clarity and ease of reference, Samsung repeats herein the section headers recited in LED Wafer's Complaint.  To the extent any section header is construed as a factual allegation, Samsung denies any and all such allegations.

7.     Samsung admits that SEA is a New York corporation with its principal place of business at 85 Challenger Rd., Ridgefield Park, New Jersey 07660.  Samsung further admits that SEA is a wholly owned subsidiary of SEC.  Samsung admits that its registered agent is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  To the extent that any factual allegations remain in Paragraph 7 of the Complaint, Samsung denies them.

8.     Samsung admits that SEA is registered to do business in the State of Texas and has been since at least June 10, 1996.

9.     Samsung admits for purposes of this action only that Samsung devices are sold in the State of Texas, including in the Western District of Texas.  Samsung denies the remaining allegations in Paragraph 9 of the Complaint, and specifically denies that it infringes or has infringed any of the Asserted Patents in this or any other District.

### III.     JURISDICTION AND VENUE

10.     Samsung admits that this action purports to be an action for patent infringement under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, and 283-285. Samsung specifically denies that it, literally and/or under the doctrine of equivalents, has infringed or is infringing any of the Asserted Patents.

11.     No answer is required to the allegations in Paragraph 11, which consists of conclusions of law.

12.     No answer is required to the allegations in Paragraph 12 concerning personal jurisdiction, which consist of conclusions of law.  To the extent an answer to such allegations is required, Samsung admits that this Court has personal jurisdiction over SEC for this action only. Samsung denies the remaining allegations of Paragraph 12 of the Complaint, and specifically denies that it, directly or through subsidiaries or intermediaries, infringes or has infringed any of the Asserted Patents in this or any other District.

13.     No answer is required to the allegations in Paragraph 13 concerning personal jurisdiction, which consist of conclusions of law.  To the extent an answer to such allegations is required, Samsung admits that this Court has personal jurisdiction over SEA for this action only.  Samsung admits that SEA is registered to business in the State of Texas and that Samsung devices are sold in the State of Texas, including in the Western District of Texas.  Samsung denies the remaining allegations of Paragraph 13 of the Complaint, and specifically denies that it, directly or through subsidiaries or intermediaries, infringes or has infringed any of the Asserted Patents in this or any other District.

14.     No answer is required to the allegations in Paragraph 14 concerning venue, which consist of conclusions of law.  Samsung admits that SEC is a Korean corporation with a place of business at 129, Samsung-Ro Yeongtong-gu, Gyeonggi-do 16677, Republic of Korea.  Samsung admits that SEA is registered to do business in the State of Texas and that Samsung devices are sold in the State of Texas, including in the Western District of Texas.  Samsung denies the remaining allegations of Paragraph 14 of the Complaint, and specifically denies that it infringes or has infringed any of the Asserted Patents in this or any other District, and that venue in this District is convenient or in the interest of justice pursuant to 28 U.S.C. § 1404(a) and reserves the right to seek transfer to a more appropriate or convenient forum.

## IV.     COUNTS OF PATENT INFRINGEMENT

15.     Samsung admits that the Complaint purports to allege that Samsung has infringed and continues to infringe the Asserted Patents.

Samsung admits that Exhibit A to the Complaint appears to be an uncertified copy of United States Patent No. 8,941,137 (the "'137 Patent").

Samsung admits that Exhibit B to the Complaint appears to be an uncertified copy of United States Patent No. 8,952,405 (the "'405 Patent").

Samsung admits that Exhibit C to the Complaint appears to be an uncertified copy of United States Patent No. 9,502,612 (the "'612 Patent").

Samsung admits that Exhibit D to the Complaint appears to be an uncertified copy of United States Patent No. 9,786,822 (the "'822 Patent").

Samsung denies the remaining allegations of Paragraph 15 of the Complaint, and specifically denies that it infringes or has infringed any of the Asserted Patents in this or any other District.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT 8,941,137**

16.     Samsung incorporates, in response to the allegations made in Paragraph 16 of the Complaint, its responses to all preceding paragraphs as if set forth fully herein.

17.     Samsung admits that the '137 Patent is titled "LIGHT EMITTING DIODE PACKAGE AND METHOD OF MANUFACTURE," and that the '137 Patent indicates that it was filed on March 6, 2012,  purports to claim the benefit and priority of a provisional application filed on March 6, 2011, and issued on January 27, 2015.

18.     Samsung lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint, and therefore denies the same.

**Technical Description**

19.     No answer is required to the allegations in Paragraph 19 concerning the scope of the claims in the '137 Patent, which consist of conclusions of law.  Samsung admits that Exhibit A at the Abstract states "[a] light emitting diode (LED) device and packaging for same is disclosed. In some aspects, the LED is manufactured using a vertical configuration including a plurality of layers."  Samsung admits that Exhibit A at 1:27-32 states "compare favorably to other sources of light and are especially useful in certain applications and markets. For example, LED lighting

generally provides advantages with respect to energy efficiency, compact, rugged, long-lasting design and form factor, as well as other features." Samsung admits that Exhibit A at 1:40-62 states "[t]hat said, conventional LED devices can be relatively costly to manufacture by some metrics when compared to other light sources. One reason for this is the exacting packaging requirements for manufacturing LEDs. LED packaging calls for proper clean conditions, micro-fabrication facilities similar to other semiconductor manufacturing operations, sealing requirements, optical requirements, the use of phosphor in LED applications, as well as packaging that is designed to handle the conduction of heat generated in the devices. Conventional LED packaging includes silicon (Si) or Ceramic based carrier substrates. The LEDs can be mounted on the carrier, or alternatively the many LEDs can be mounted on a wafer of the carrier and the LEDs are singulated at the end of the packaging process. The wafer based approach is termed wafer level assembly packaging (WLP). However, these conventional techniques require the use of a carrier substrate to support the LED, which can double the cost of making and packaging the LED device. In addition, the carrier substrate greatly increases the thermal resistivity of the device and adversely affects its heat removal characteristics. Accordingly, there is a need for LED devices that do not suffer from some or all of the above problems." Samsung denies the remaining allegations in Paragraph 19 of the Complaint, including any characterizations.

20. Samsung denies that the '137 patent provides a technical solution to prior art problems by providing a LED having a plurality of layers. Samsung admits that Exhibit A at 2:2-6 states "[c]ertain layers act to promote mechanical, electrical, thermal, or optical characteristics of the device. The device avoids design problems, including manufacturing complexities, costs and heat dissipation problems found in conventional LED devices." Samsung admits that Exhibit A at 2:12-22 states "a semiconductor LED including doped and intrinsic regions thereof; a

conducting carrier layer disposed proximal to a first surface of said semiconductor LED and separated therefrom by a metallic interface; an optically permissive layer proximal to a second surface of said semiconductor LED, said first and second surfaces of said semiconductor LED being on opposing faces thereof; an optically definable material proximal to or within said optically permissive layer that affects an optical characteristic of emitted light passing therethrough; and an optically permissive cover substrate covering at least a portion of the above components." Samsung denies the remaining allegations in Paragraph 20 of the Complaint, including any characterizations.

### Direct Infringement

21.     Samsung denies the allegations in Paragraph 21 of the Complaint.

22.     To the extent an answer to Paragraph 22 of the Complaint is required, Samsung denies the allegations in Paragraph 22.

23.     Samsung denies the allegations in Paragraph 23 of the Complaint.

24.     Samsung denies the allegations in Paragraph 24 of the Complaint.

25.     Samsung admits that the Samsung Galaxy S8 has light emitting diode capable of emitting light, including as a flash for the camera. The remaining allegations in Paragraph 25 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required or any factual allegations remain in Paragraph 25 of the Complaint, Samsung denies them, including any characterizations.

26.     The allegations in Paragraph 26 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal

conclusions that require no response. To the extent any response is required to the allegations in Paragraph 26 of the Complaint, Samsung denies them, including any characterizations.

27. The allegations in Paragraph 27 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 27 of the Complaint, Samsung denies them, including any characterizations.

28. The allegations in Paragraph 28 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 28 of the Complaint, Samsung denies them, including any characterizations.

29. The allegations in Paragraph 29 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 29 of the Complaint, Samsung denies them, including any characterizations.

30. The allegations in Paragraph 30 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 30 of the Complaint, Samsung denies them, including any characterizations.

31. The allegations in Paragraph 31 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 31 of the Complaint, Samsung denies them, including any characterizations.

32.     The allegations in Paragraph 32 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 32 of the Complaint, Samsung denies them, including any characterizations.

33.     Samsung lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint, and therefore denies the same.

34.     The allegations in Paragraph 34 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 34 of the Complaint, Samsung denies them, including any characterizations.

35.     The allegations in Paragraph 35 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 35 of the Complaint, Samsung denies them, including any characterizations.

36.     The allegations in Paragraph 36 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 36 of the Complaint, Samsung denies them, including any characterizations.

37.     The allegations in Paragraph 37 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 37 of the Complaint, Samsung denies them, including any characterizations.

## **Willful Infringement**

38.     Samsung denies the allegations in Paragraph 38 of the Complaint.

39.     Samsung admits that personnel at ViaGan were at one time in contact with a Samsung business unit in Israel, and that in January 2013 and April 2013 personnel of Samsung held two external meetings with personnel of ViaGan pursuant to ViaGan's request for support. Samsung denies the remaining allegations of Paragraph 39 of the Complaint.

40.     Samsung admits that Jinho Lee attended the second external meeting with personnel at ViaGan. Samsung denies the remaining allegations of Paragraph 40 of the Complaint, including any characterizations.

41.     Samsung admits that ViaGan voluntarily provided a PowerPoint file to a Samsung business unit in Israel. The PowerPoint file listed three published patent application numbers and alleged the existence of two unpublished provisional applications. Samsung denies the remaining allegations in Paragraph 41 of the Complaint.

42.     Samsung admits that the Complaint identifies the '137 Patent and asserts that Samsung infringes the '137 Patent. Samsung denies that it infringes or has infringed the '137 Patent. To the extent any response is required or any factual allegations remain in Paragraph 42 of the Complaint, Samsung denies them.

43.     Samsung denies the allegations in Paragraph 43 of the Complaint.

44.     Pursuant to the Court's MTD Order dismissing Plaintiff's claims of willful infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 44 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 44 of the Complaint.

45.     Pursuant to the Court's July 31, 2021 Order dismissing Plaintiff's claims of willful infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 45 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 45 of the Complaint.

46.     Pursuant to the Court's MTD Order dismissing Plaintiff's claims of willful infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 46 of the Complaint.  To the extent any response is required, Samsung denies the allegations in Paragraph 46 of the Complaint.

**Indirect, Induced, and Contributory Infringement**

47.     Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 47 of the Complaint.  To the extent any response is required, Samsung denies the allegations in Paragraph 47 of the Complaint.

48.     Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 48 of the Complaint.  To the extent any response is required, Samsung denies the allegations in Paragraph 48 of the Complaint.

49.     Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 49 of the Complaint.  To the extent any response is required, Samsung denies the allegations in Paragraph 49 of the Complaint.

50.     Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph

50 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 50 of the Complaint.

51. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 51 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 51 of the Complaint.

52. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 52 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 52 of the Complaint.

**COUNT TWO**
**INFRINGEMENT OF U.S. PATENT 8,952,405**

53. Samsung incorporates, in response to the allegations made in Paragraph 53 of the Complaint, its responses to Paragraphs 1–15 as if set forth fully herein.

54. Samsung admits that the '405 Patent is titled "LIGHT EMITTING DIODE PACKAGE AND METHOD OF MANUFACTURE," and that the '405 Patent indicates that it was filed on March 6, 2012, purports to claim priority to a provisional application filed on March 6, 2011, and issued on February 10, 2015.

55. Samsung lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 55 of the Complaint, and therefore denies the same.

**Technical Description**

56. No answer is required to the allegations in Paragraph 56 concerning the scope of the claims in the '405 Patent, which consist of conclusions of law. Samsung admits that Exhibit B at the Abstract states "[a] light emitting diode (LED) device and packaging for same is disclosed.

In some aspects, the LED is manufactured using a vertical configuration including a plurality of layers." Samsung admits that Exhibit B at 1:32-37 states "[l]ight emitting diodes (LEDs) compare favorably to other sources of light and are especially useful in certain applications and markets. For example, LED lighting generally provides advantages with respect to energy efficiency, compact and rugged and long-lasting design and form factor, and other features." Samsung admits that Exhibit B at 1:45-48 states "conventional LED devices can be relatively costly to manufacture by some metrics when compared to other light sources. One reason for this is the exacting packaging requirements for manufacturing LEDs." Samsung admits that Exhibit B at 1:61-67 states "conventional techniques require the use of a carrier substrate to support the LED, which can double the cost of making and packaging the LED device. In addition, the carrier substrate greatly increases the thermal resistivity of the device and adversely affects its heat removal characteristics. Accordingly, there is a need for LED devices that do not suffer from some or all of the above problems." Samsung denies the remaining allegations of Paragraph 56, including any characterizations.

57.     Samsung denies that the '405 patent provides a technical solution to prior art problems by providing a LED having a plurality of layers. Samsung admits that Exhibit B at 2:6-10 states "[c]ertain layers act to promote mechanical, electrical, thermal, or optical characteristics of the device. The device avoids design problems, including manufacturing complexities, costs and heat dissipation problems found in conventional LED devices." Samsung admits that Exhibit B at 2:16-27 states "a semiconductor LED including doped and intrinsic regions thereof; a first surface of said semiconductor LED being metallized with an electrically conducting metallization layer over at least a portion of said first surface; an optically permissive layer proximal to a second surface of said semiconductor LED, said first and second surfaces of said semiconductor LED

being on opposing faces thereof; an optically definable material proximal to or within said optically permissive layer that affects an optical characteristic of emitted light passing there through; and an optically permissive cover substrate covering at least a portion of the above components." Samsung denies the remaining allegations in Paragraph 57, including any characterizations.

**Direct Infringement**

58. Samsung denies the allegations in Paragraph 58 of the Complaint.

59. To the extent an answer to Paragraph 59 of the Complaint is required, Samsung denies the allegations in Paragraph 59.

60. Samsung denies the allegations in Paragraph 60 of the Complaint.

61. Samsung denies the allegations in Paragraph 61 of the Complaint.

62. Samsung admits that the Samsung Galaxy S20 has a light emitting diode capable of emitting light, including as a flash for the camera. The remaining allegations in Paragraph 62 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required or any factual allegations remain in Paragraph 62 of the Complaint, Samsung denies them, including any characterizations.

63. The allegations in Paragraph 63 of the Complaint contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 63 of the Complaint, Samsung denies them, including any characterizations.

64. The allegations in Paragraph 64 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal

conclusions that require no response. To the extent any response is required to the allegations in Paragraph 64 of the Complaint, Samsung denies them, including any characterizations.

65. The allegations in Paragraph 65 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 65 of the Complaint, Samsung denies them, including any characterizations.

66. The allegations in Paragraph 66 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 66 of the Complaint, Samsung denies them, including any characterizations.

67. The allegations in Paragraph 67 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 67 of the Complaint, Samsung denies them, including any characterizations.

68. The allegations in Paragraph 68 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 68 of the Complaint, Samsung denies them, including any characterizations.

69. The allegations in Paragraph 69 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 69 of the Complaint, Samsung denies them, including any characterizations.

70.     Samsung lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 70 of the Complaint, and therefore denies the same.

71.     The allegations in Paragraph 71 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 71 of the Complaint, Samsung denies them, including any characterizations.

72.     The allegations in Paragraph 72 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 72 of the Complaint, Samsung denies them, including any characterizations.

73.     The allegations in Paragraph 73 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 73 of the Complaint, Samsung denies them, including any characterizations.

74.     The allegations in Paragraph 74 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 74 of the Complaint, Samsung denies them, including any characterizations.

75.     The allegations in Paragraph 75 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 75 of the Complaint, Samsung denies them, including any characterizations.

76.     The allegations in Paragraph 76 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 76 of the Complaint, Samsung denies them, including any characterizations.

**Willful Infringement**

77.     Samsung denies the allegations in Paragraph 77 of the Complaint.

78.     Samsung admits that personnel at ViaGan were at one time in contact with a Samsung business unit in Israel, and that in January 2013 and April 2013, personnel of Samsung held two external meetings with personnel of ViaGan pursuant to ViaGan's request for support. Samsung denies the remaining allegations of Paragraph 78 of the Complaint.

79.     Samsung admits that Jinho Lee attended the second external meeting with personnel at ViaGan.  Samsung denies the remaining allegations of Paragraph 79 of the Complaint, including any characterizations.

80.     Samsung admits that ViaGan voluntarily provided a PowerPoint file to a Samsung business unit in Israel.  The PowerPoint file listed three published patent application numbers and alleged the existence of two unpublished provisional applications.  Samsung denies the remaining allegations in Paragraph 80 of the Complaint.

81.     Samsung admits that the Complaint identifies the '405 Patent and asserts that Samsung infringes the '405 Patent.  Samsung denies that it infringes or has infringed the '405 Patent.  To the extent any response is required or any factual allegations remain in Paragraph 81 of the Complaint, Samsung denies them.

82.     Samsung denies the allegations in Paragraph 82 of the Complaint.

83.	Pursuant to the Court's MTD Order dismissing Plaintiff's claims of willful infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 83 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 83 of the Complaint.

84.	Pursuant to the Court's MTD Order dismissing Plaintiff's claims of willful infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 84 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 84 of the Complaint.

85.	Pursuant to the Court's MTD Order dismissing Plaintiff's claims of willful infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 85 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 85 of the Complaint.

**Indirect, Induced, and Contributory Infringement**

86.	Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 86 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 86 of the Complaint.

87.	Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 87 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 87 of the Complaint.

88.	Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph

88 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 88 of the Complaint.

89. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 89 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 89 of the Complaint.

90. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 90 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 90 of the Complaint.

91. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 91 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 91 of the Complaint.

## COUNT THREE
## INFRINGEMENT OF U.S. PATENT 9,502,612

92. Samsung incorporates, in response to the allegations made in Paragraph 92 of the Complaint, its responses to Paragraphs 1–15 as if set forth fully herein.

93. Samsung admits that the '612 Patent is titled "LIGHT EMITTING DIODE PACKAGE WITH ENHANCED HEAT CONDUCTION," and that the '612 Patent indicates that it was filed on October 7, 2013, purports to claim priority to a provisional application dated October 5, 2012, and issued on November 22, 2016. Samsung denies the remaining allegations of Paragraph 93 of the Complaint.

94.     Samsung lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 94 of the Complaint, and therefore denies the same.

## Technical Description

95.     No answer is required to the allegations in Paragraph 95 concerning the scope of the claims in the '612 Patent, which consist of conclusions of law.  Samsung admits that Exhibit C at the Abstract states "[a] light emitting diode (LED) device and packaging with enhance heat conduction."  Samsung admits that Exhibit C at 1:29-32 states "[a] light emitting diode (LED) is a semiconductor device that is configured to receive electrical power to stimulate an output of electromagnetic radiation commonly in the visible range of the spectrum (light)."  Samsung admits that Exhibit C at 1:40-52 states "[p]ackaging of electronic devices, such as light emitting diodes (LEDs) and other devices, represent a major cost in the production of electronic parts. In one non-limiting example, LEDs which offer long lifetime, compact form factor, superior energy efficiency, and RohS compliancy are expensive due to the packaging requirements which include sealing, optics, phosphor and efficient heat conduction. There have been numerous efforts to reduce the cost of the electronic device packaging by using silicon based wafer level assembly technologies. However, these approaches still require a carrier chip for the electronic device and in most cases the carrier chip doubles the cost, and in the case of an LED triples the heat resistivity."  Samsung admits that Exhibit C at 3:39-46 states "[i]n addition, the carrier substrate greatly increases the thermal resistivity of the device and adversely affects its heat removal characteristics. Hence it is desirable to provide a wafer level package for LEDs which does not require any carrier substrate and uses the LED die only, alternatively, the package provides a direct thermal connection from the LED to the heat sink for efficient removal of the generated heat."

Samsung denies the remaining allegations of Paragraph 95 of the Complaint, including any characterizations.

96.     Samsung denies that the '612 patent provides a technical solution to prior art problems by providing a LED package which removes heat and reflects optical energy away from a career wafer.  Samsung admits that Exhibit C at 3:56-60 states "an improved LED in a wafer level processed (WLP) package is disclosed using vias in the silicon to route the electrical connections to the LED backside and a dedicated hole in the silicon with a direct heat conduction route from the LED to the printed circuit board."  Samsung denies the remaining allegations in Paragraph 96 of the Complaint, including any characterizations.

## Direct Infringement

97.     Samsung denies the allegations in Paragraph 97 of the Complaint.

98.     To the extent an answer to Paragraph 98 of the Complaint is required, Samsung denies the allegations in Paragraph 98.

99.     Samsung denies the allegations in Paragraph 99 of the Complaint.

100.    Samsung denies the allegations in Paragraph 100 of the Complaint.

101.    Samsung admits that the Samsung Galaxy S8 has a light emitting diode capable of emitting light, including as a flash for the camera.  The remaining allegations in Paragraph 101 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required or any factual allegations remain in Paragraph 101 of the Complaint, Samsung denies them, including any characterizations.

102.    The allegations in Paragraph 102 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal

conclusions that require no response. To the extent any response is required to the allegations in Paragraph 102 of the Complaint, Samsung denies them, including any characterizations.

103. The allegations in Paragraph 103 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 103 of the Complaint, Samsung denies them, including any characterizations.

104. The allegations in Paragraph 104 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 104 of the Complaint, Samsung denies them, including any characterizations.

105. The allegations in Paragraph 105 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 105 of the Complaint, Samsung denies them, including any characterizations.

106. The allegations in Paragraph 106 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 106 of the Complaint, Samsung denies them, including any characterizations.

107. The allegations in Paragraph 107 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 107 of the Complaint, Samsung denies them, including any characterizations.

108. The allegations in Paragraph 108 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 108 of the Complaint, Samsung denies them, including any characterizations.

109. The allegations in Paragraph 109 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 109 of the Complaint, Samsung denies them, including any characterizations.

110. The allegations in Paragraph 110 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 110 of the Complaint, Samsung denies them, including any characterizations.

**Willful Infringement**

111. Samsung denies the allegations in Paragraph 111 of the Complaint.

112. Samsung admits that personnel at ViaGan were at one time in contact with a Samsung business unit in Israel, and that in January 2013 and April 2013, personnel of Samsung held two external meetings with personnel of ViaGan pursuant to ViaGan's request for support. Samsung denies the remaining allegations of Paragraph 112 of the Complaint.

113. Samsung admits that Jinho Lee attended the second external meeting with personnel at ViaGan. Samsung denies the remaining allegations of Paragraph 113 of the Complaint, including any characterizations.

114. Samsung admits that ViaGan voluntarily provided a PowerPoint file to a Samsung business unit in Israel. The PowerPoint file listed three published patent application numbers and

alleged the existence of two unpublished provisional applications. Samsung denies the remaining allegations in Paragraph 114 of the Complaint.

115. Samsung admits that the Complaint identifies the '612 Patent and asserts that Samsung infringes the '612 Patent. Samsung denies that it infringes or has infringed the '612 Patent. To the extent any response is required or any factual allegations remain in Paragraph 115 of the Complaint, Samsung denies them.

116. Samsung denies the allegations in Paragraph 116 of the Complaint.

117. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of willful infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 117 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 117 of the Complaint.

118. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of willful infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 118 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 118 of the Complaint.

119. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of willful infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 119 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 119 of the Complaint.

## Indirect, Induced, and Contributory Infringement

120. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph

120 of the Complaint.  To the extent any response is required, Samsung denies the allegations in Paragraph 120 of the Complaint.

121.     Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 121 of the Complaint.  To the extent any response is required, Samsung denies the allegations in Paragraph 121 of the Complaint.

122.     Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 122 of the Complaint.  To the extent any response is required, Samsung denies the allegations in Paragraph 122 of the Complaint.

123.     Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 123 of the Complaint.  To the extent any response is required, Samsung denies the allegations in Paragraph 123 of the Complaint.

124.     Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 124 of the Complaint.  To the extent any response is required, Samsung denies the allegations in Paragraph 124 of the Complaint.

125.     Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 125 of the Complaint.  To the extent any response is required, Samsung denies the allegations in Paragraph 125 of the Complaint.

## COUNT FOUR
## <u>INFRINGEMENT OF U.S. PATENT 9,786,822</u>

126.     Samsung incorporates, in response to the allegations made in Paragraph 126 of the Complaint, its responses to Paragraphs 1–15 as if set forth fully herein.

127.     Samsung admits that the '822 Patent is titled "LIGHT EMITTING DIODE PACKAGE AND METHOD OF MANUFACTURE," and that the '822 Patent indicates that it was filed on December 15, 2014, purports to claim priority to U.S. application Ser. No. 13/413,407, now issued as U.S. Pat. No. 8,941,137, titled "Light Emitting Diode Package and Method of Manufacture" filed on March 6, 2012, and issued on October 10, 2017.  Samsung denies the remaining allegations of Paragraph 127 of the Complaint.

128.     Samsung lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 128 of the Complaint, and therefore denies the same.

### <u>Technical Description</u>

129.     No answer is required to the allegations in Paragraph 129 concerning the scope of the claims in the '822 Patent, which consist of conclusions of law.  Samsung admits that Exhibit D at the Abstract states "[a] light emitting diode (LED) device and packaging for same is disclosed. In some aspects, the LED is manufactured using a vertical configuration including a plurality of layers."  Samsung denies any remaining allegations in Paragraph 129 of the Complaint, including any characterizations.

130.     Samsung admits that Exhibit D at 1:33-38 states "[l]ight emitting diodes (LEDs) compare favorably to other sources of light and are especially useful in certain applications and markets. For example, LED lighting generally provides advantages with respect to energy efficiency, compact, rugged, long-lasting design and form factor, as well as other features." Samsung admits that Exhibit D at 1:46-49 states "conventional LED devices can be relatively

costly to manufacture by some metrics when compared to other light sources. One reason for this is the exacting packaging requirements for manufacturing LEDs." Samsung admits that Exhibit D at 1:62-2:2 states "conventional techniques require the use of a carrier substrate to support the LED, which can double the cost of making and packaging the LED device. In addition, the carrier substrate greatly increases the thermal resistivity of the device and adversely affects its heat removal characteristics. Accordingly, there is a need for LED devices that do not suffer from some or all of the above problems." Samsung denies the remaining allegations in Paragraph 130 of the Complaint, including any characterizations.

131. Samsung denies that the '822 patent provides a technical solution to prior art problems by providing a LED having a plurality of layers. Samsung admits that Exhibit D at 2:9-13 states "[c]ertain layers act to promote mechanical, electrical, thermal, or optical characteristics of the device. The device avoids design problems, including manufacturing complexities, costs and heat dissipation problems found in conventional LED devices." Samsung admits that Exhibit D at 2:19-30 states "a semiconductor LED including doped and intrinsic regions thereof; a conducting carrier layer disposed proximal to a first surface of said semiconductor LED and separated therefrom by a metallic interface; an optically permissive layer proximal to a second surface of said semiconductor LED, said first and second surfaces of said semiconductor LED being on opposing faces thereof; an optically definable material proximal to or within said optically permissive layer that affects an optical characteristic of emitted light passing therethrough; and an optically permissive cover substrate covering at least a portion of the above components." Samsung denies the remaining allegations in Paragraph 131 of the Complaint, including any characterizations.

## Direct Infringement

132.    Samsung denies the allegations in Paragraph 132 of the Complaint.

133.    To the extent an answer to Paragraph 133 of the Complaint is required, Samsung denies the allegations in Paragraph 133.

134.    Samsung denies the allegations in Paragraph 134 of the Complaint.

135.    Samsung denies the allegations in Paragraph 135 of the Complaint.

136.    Samsung admits that the Samsung Galaxy S8 has a light emitting diode capable of emitting light, including as a flash for the camera.  The remaining allegations in Paragraph 136 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required or any factual allegations remain in Paragraph 136 of the Complaint, Samsung denies them, including any characterizations.

137.    The allegations in Paragraph 137 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required or any factual allegations remain in Paragraph 137 of the Complaint, Samsung denies them, including any characterizations.

138.    The allegations in Paragraph 138 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required or any factual allegations remain in Paragraph 138 of the Complaint, Samsung denies them, including any characterizations.

139. The allegations in Paragraph 139 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 139 of the Complaint, Samsung denies them, including any characterizations.

140. The allegations in Paragraph 140 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 140 of the Complaint, Samsung denies them, including any characterizations.

141. The allegations in Paragraph 141 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 141 of the Complaint, Samsung denies them, including any characterizations.

142. The allegations in Paragraph 142 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 142 of the Complaint, Samsung denies them, including any characterizations.

143. The allegations in Paragraph 143 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response. To the extent any response is required to the allegations in Paragraph 143 of the Complaint, Samsung denies them, including any characterizations.

144. The allegations in Paragraph 144 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal

conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 144 of the Complaint, Samsung denies them, including any characterizations.

145.    The allegations in Paragraph 145 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 145 of the Complaint, Samsung denies them, including any characterizations.

146.    The allegations in Paragraph 146 of the Complaint purport to compare Samsung's products to claim language that has not been construed by the Court and, accordingly, contain legal conclusions that require no response.  To the extent any response is required to the allegations in Paragraph 146 of the Complaint, Samsung denies them, including any characterizations.

## Willful Infringement

147.    Samsung denies the allegations in Paragraph 147 of the Complaint.

148.    Samsung admits that personnel at ViaGan were at one time in contact with a Samsung business unit in Israel, and that in January 2013 and April 2013, personnel of Samsung held two external meetings with personnel of ViaGan pursuant to ViaGan's request for support. Samsung denies the remaining allegations of Paragraph 148 of the Complaint.

149.    Samsung admits that Jinho Lee attended the second external meeting with personnel at ViaGan.  Samsung denies the remaining allegations of Paragraph 149 of the Complaint, including any characterizations.

150.    Samsung admits that ViaGan voluntarily provided a PowerPoint file to a Samsung business unit in Israel.  The PowerPoint file listed three published patent application numbers and alleged the existence of two unpublished provisional applications.  Samsung denies the remaining allegations in Paragraph 150 of the Complaint.

151. Samsung admits that the Complaint identifies the '822 Patent and asserts that Samsung infringes the '822 Patent. Samsung denies that it infringes or has infringed the '822 Patent. To the extent any response is required or any factual allegations remain in Paragraph 151 of the Complaint, Samsung denies them.

152. Samsung denies the allegations in Paragraph 152 of the Complaint.

153. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of willful infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 153 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 153 of the Complaint.

154. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of willful infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 154 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 154 of the Complaint.

155. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of willful infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 155 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 155 of the Complaint.

**Indirect, Induced, and Contributory Infringement**

156. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 156 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 156 of the Complaint.

157. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 157 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 157 of the Complaint.

158. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 158 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 158 of the Complaint.

159. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 159 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 159 of the Complaint.

160. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 160 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 160 of the Complaint.

161. Pursuant to the Court's MTD Order dismissing Plaintiff's claims of indirect infringement under Fed. R. Civ. P. 12(b)(6), no response is required to the allegations in Paragraph 161 of the Complaint. To the extent any response is required, Samsung denies the allegations in Paragraph 161 of the Complaint.

## V.    NOTICE

162. No answer is required to the allegations in Paragraph 162 of the Complaint, which consist of conclusions of law. To the extent a response is required, Samsung lacks knowledge or

information sufficient to admit or deny the allegations contained in Paragraph 162 of the Complaint, and therefore denies the same.

## VI.    JURY DEMAND

163.    To the extent an answer to Paragraph 163 of the Complaint is required, Samsung admits that Paragraph 163 contains a request for a jury trial.  Samsung demands a trial by jury on all issues to triable.

## VII.    PRAYER FOR RELIEF

164.    To the extent a response is required, Samsung denies that LED Wafer is entitled to any of its requested relief.  Samsung specifically denies that it infringes or has infringed, literally and/or under the doctrine of equivalents, directly and/or indirectly, any of the Asserted Patents; specifically denies that LED Wafer is entitled to damages, costs, expenses, pre-judgment interest, post-judgment interest, or an ongoing royalty for alleged infringement of the Asserted Patents; specifically denies that LED Wafer is entitled to any injunctive relief;  specifically denies that this is an exceptional case within the meaning of 35 U.S.C. § 285;  specifically denies that LED Wafer is entitled to judgment of willful infringement;  specifically denies that Samsung should pay enhanced damages pursuant to 35 U.S.C. § 284;  specifically denies that LED Wafer is entitled to attorneys' fees;  and specifically denies that LED Wafer is entitled to any other relief in this action.

## VIII.    AFFIRMATIVE DEFENSES

165.    Samsung asserts the following affirmative defenses in response to the allegations set forth in LED Wafer's Complaint.  Samsung undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Samsung reserves the right to assert any additional defenses as they become known during the course of this action or to the extent they are not otherwise deemed affirmative defenses by law.

## First Affirmative Defense
### (Non-Infringement)

166.     Samsung does not infringe and has not infringed, either literally or under the doctrine of equivalents, directly or indirectly (by contributing to or inducing), any valid and enforceable claim of any of U.S. Patent Nos. United States Patent No. 8,941,137 (the "'137 Patent"), United States Patent No. 8,952,405 (the "'405 Patent"), United States Patent No. 9,502,612 (the "'612 Patent"), and United States Patent No. 9,786,822 (the "'822 Patent") (collectively, the "Asserted Patents").

## Second Affirmative Defense
### (Invalidity)

167.     The claims of the Asserted Patents are invalid and/or unenforceable for failing to meet one or more of the requisite conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116.

## Third Affirmative Defense
### (Unenforceability)

168.     Each of the claims set forth in the Complaint is barred by the doctrines of waiver, acquiescence, estoppel, laches, patent misuse, and/or unclean hands.

## Fourth Affirmative Defense
### (No Willful Infringement)

169.     Samsung has not willfully infringed and is not willfully infringing the Asserted Patents.

## Fifth Affirmative Defense
### (Failure to State a Claim)

170.     LED Wafer has failed to state a claim upon which relief can be granted.

## Sixth Affirmative Defense
### (Limitations On Damages And Other Relief)

171.    LED Wafer's claims for relief are barred, in whole or in part, by operation of the applicable statutes which limit damages and other relief, including, but not limited to, 35 U.S.C. §§ 286, 287, and 288.  Moreover, it is LED Wafer's burden to prove marking.  LED Wafer has not plausibly pleaded or proven marking.

## Seventh Affirmative Defense
### (Prosecution History Estoppel)

172.    By reason of proceedings in the United States Patent and Trademark Office during prosecution of each and every one of the Asserted Patents, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the Asserted Patents, LED Wafer is estopped to construe the claims of the Asserted Patents in any way to cover any product, method, or service of Defendants under the Doctrine of Equivalents.

## Eighth Affirmative Defense
### (Statute of Limitations)

173.    LED Wafer's right to seek damages is limited, including without limitation by 35 U.S.C. §§ 286 and 287.

## Ninth Affirmative Defense
### (No Injunction)

174.    LED Wafer is not entitled to an injunction because LED Wafer is not likely to prevail on the merits, has not suffered and will not suffer irreparable harm because of Samsung's conduct, and has an adequate remedy at law. LED Wafer admitted in paragraphs 52, 91, 125, and 161 of its Complaint that a reasonable royalty would be an adequate remedy at law.

## Tenth Affirmative Defense
### (License/Patent Exhaustion)

175.    LED Wafer's claims for relief are barred or limited to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Samsung or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to one or more of the Asserted Patents, and/or under the doctrines of exhaustion, first sale, full compensation, or release.

## Eleventh Affirmative Defense
### (Territoriality)

176.    To the extent that LED Wafer's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

## Twelfth Affirmative Defense
### (No Attorneys' Fees)

177.    LED Wafer is not entitled to recover attorneys' fees associated with this action, including without limitation under 35 U.S.C. § 285, or costs associated with this action, including without limitation under 35 U.S.C. § 288.

## Thirteenth Affirmative Defense
### (Standing)

178.    To the extent that LED Wafer lacks all substantive rights to bring suit and to exclude others from practicing the claims of one or more of the Asserted Patents, LED Wafer's claims are barred by a lack of standing and the court lacks subject matter jurisdiction.

## Fourteenth Affirmative Defense
### (Manufactured for the United States)

179.    To the extent that any alleged invention has been used or manufactured by or for the United States, the claims for relief are barred or limited by 28 U.S.C § 1498.

**Fifteenth Affirmative Defense**
**(Lack of Knowledge)**

180.    LED Wafer's claims for damages are limited and/or barred, in part or in whole, because Samsung is not liable for damages for acts alleged to have been performed before Samsung received adequate notice of the Asserted Patents.

**Sixteenth Affirmative Defense**
**(No Causation)**

181.    LED Wafer's claims against Samsung are barred because LED Wafer's damages, if any, were not caused by Samsung.

**Seventeenth Affirmative Defense**
**(Actions of Others)**

182.    The claims made in the Complaint are barred, in whole or in part, because Samsung is not liable for the acts of others over whom it has no control.

**Reservation of Additional Defenses**

183.    Samsung reserves the right to amend, supplement, and/or assert additional affirmative defenses which may be developed through discovery in this action.

Dated: August 16, 2021

Respectfully submitted,

By: */s/ Brian C. Nash*

Brian C. Nash (TX Bar No. 24051103)
brian.nash@pillsburylaw.com
Austin M. Schnell (TX Bar No. 24095985)
austin.schnell@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
401 Congress Avenue, Suite 1700
Austin, Texas 78701
Tel: (512) 580-9629
Facsimile: (512) 580-9601

John M. Desmarais (*pro hac vice* pending)
Email: jdesmarais@desmaraisllp.com
Cosmin Maier (*pro hac vice* pending)
Email: cmaier@desmaraisllp.com
Yung-Hoon Ha (*pro hac vice* pending)
Email: yha@desmaraisllp.com
Frederick J. Ding (State Bar No. 5651633)
Email: fding@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401

***Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on August 16, 2021.


    */s/ Brian C. Nash*
    Brian C. Nash