**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **LED WAFER SOLUTIONS LLC,** | § | |
| *Plaintiff* | § | |
| | § | **W-21-CV-00292-ADA** |
| **-vs-** | § | |
| | § | |
| **SAMSUNG ELECTRONICS CO., LTD.,** | § | |
| **SAMSUNG ELECTRONICS AMERICA, INC.,** | § | |
| *Defendants* | § | |

## ORDER GRANTING MOTION TO JOIN BY SEOUL SEMICONDUCTOR CO.

Came on for consideration Seoul Semiconductor Co.'s ("SSC") Motion to Intervene as a Defendant (the "Motion"). ECF No. 23. Having considered the Motion, briefing, and relevant authorities, the Court is of the opinion that the Motion should be and hereby is **GRANTED** for the reasons set forth herein.

## I.      BACKGROUND

On March 25, 2021, Plaintiff LED Wafer Solutions LLC ("LWS" or "Plaintiff") filed suit against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") for patent infringement. ECF No. 1. Samsung filed its Answer on August 16, 2021 (ECF No. 19). According to the Complaint, LWS alleges Samsung has infringed and continues to infringe at least one claim of U.S. Patent Nos. 8,941,137 (the "'137 Patent"), 8,952,405 (the "'405 Patent"), 9,502,612 (the "'612 Patent"), and 9,786,822 (the "'822 Patent"). ECF No. 1 ¶ 15.

LWS accuses Samsung of infringing the '137 Patent based on the "manufacture, sale, offer for sale, importation, or distribution of the Samsung Galaxy S8 mobile phone and Samsung

LED backlight strips," as well as Samsung Q Series televisions (Q70T Smart TV) and Samsung TU Series televisions (TU8000 Smart TV). *Id.* ¶ 23.

LWS accuses Samsung of infringing the '405 Patent through "making, using (including for testing purposes), importing, selling, and offering for sale LEDs . . . [which] include, but are not limited to, the Samsung LM101A Series LED, Samsung LED backlight strips such as those used in the Samsung TU8000 Smart Television, and Samsung LED flash devices as used in the Samsung Galaxy S20 smartphone, Samsung Galaxy S9 smartphone, Samsung Note 20 smartphone, and the Samsung Galaxy Tab S7 tablet." *Id.* ¶ 58.

LWS further accuses Samsung of infringing the '822 Patent through "making, using (including for testing purposes), importing, selling, and offering for sale LEDs . . . [which] include, but are not limited to, the Samsung Galaxy S8 mobile phone, the Samsung TU8000 Television, and Samsung LM101A Series LED and all other substantially similar devices," as well as Samsung Q Series televisions (Q70T Smart TV) and Samsung TU Series televisions (TU8000 Smart TV). *Id.* ¶ 132.

In short, SSC argues that it manufactures and sells LEDs to Samsung for televisions and mobile phones, including for the Samsung Q70 Smart TVs and the TU8000 Smart TVs. According to SSC, Samsung believes that it most likely uses SSC's LEDs in at least some of the accused televisions and mobile phone products in this case, and it has sought indemnity from SSC based upon the TV models described in LWS's infringement contentions. ECF No. 23 at 2; ECF No. 30 at 8. Plaintiff counters that neither SSC nor Samsung have identified specific SSC products at issue and that SSC has not proven an actual indemnity obligation. ECF No. 24 at 1.

SSC requests intervention as a matter of right, or alternatively, requests permission to intervene pursuant to the Court's discretion. Samsung does not oppose intervention, but LWS

does. ECF No. 23 at 1; ECF No. 24 at 1. Alternatively, LWS agreed to amend its preliminary infringement contentions to moot any claim to intervene by SSC. However, SSC argues that the alternative relief does not resolve the Motion as SSC's LEDs are in more products than LWS offered to remove. Accordingly, the Court finds the issue requires adjudication.

## II.     LEGAL STANDARD

### A.     Intervention of Right

Federal Rule of Civil Procedure 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Thus, a prospective intervenor is entitled to intervention if each of the following elements is satisfied:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2017) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)). "Failure to satisfy one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007). However, "[t]he rule 'is to be liberally construed,' with 'doubts resolved in favor of the proposed intervenor.'" *Entergy Gulf States La., L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016) (quoting *In re Lease Oil Antitrust Lit.*, 570 F.3d 244, 248 (5th Cir. 2009)). Intervention in patent cases is reviewed under regional circuit law. As such, Fifth Circuit law controls. *Stauffer*

3

*v. Brooks Brothers, Inc.*, 619 F.3d 1321, 1328 (Fed. Cir. 2010) ("We review the district court's denial of intervention under Rule 24 under regional circuit law . . .").

### B.      Permissive Intervention

A court may also permit intervention if the party "[o]n timely motion ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). A court has full discretion to deny permissive intervention even where there is a common question of law or fact. *New Orleans Pub. Serv., Inc.*, 732 F.3d at 471.

### III.      ANALYSIS

### A.      Intervention of Right

SSC argues that it meets every requirement to intervene as a matter of right. The Court addresses each requirement in turn.

#### *1.      Timeliness*

Courts consider four factors to evaluate whether a party has timely requested intervention. Those factors include:

> Factor 1. The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene.

> Factor 2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case.

> Factor 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied.

> Factor 4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

4

*Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir. 1977)).

SSC argues that the Motion is timely because the proceeding is still in the early stages. Discovery has yet to begin and the scheduling conference has yet to occur as of the filing of SSC's Motion. Second, SSC argues that LWS will not be prejudiced, but will instead benefit from SSC's involvement because technical information will be most readily available from SSC as opposed to Samsung. Third, SSC concedes it has been aware of LWS's complaint against Samsung since shortly after it was filed but was unaware its interests would not be adequately protected until Samsung notified it following receipt of LWS's preliminary infringement contentions. Last, SSC states no unusual circumstances exist and that no other party has challenged the timeliness of SSC's Motion. LWS does not argue that SSC's Motion is untimely.

Noting SSC's Motion was filed before discovery and shortly after preliminary infringement contentions were served, the Court finds that intervention would not materially prejudice the existing parties. *See Edwards*, 78 F.3d at 1001 ("'[M]ost of our case law rejecting petitions for intervention as untimely concern motions filed after judgment was entered in the litigation."). To the Court's knowledge, no unusual circumstances exist. Therefore, the Court finds that SSC has met the timeliness requirement of Rule 24.

### 2.    *Interest in the Case*

SSC must demonstrate it has "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). The interest must be "direct, substantial, [and] legally protectable." *Texas*, 805 F.3d at 657. SSC argues it is a true defendant to LWS's claims against the Accused Products. ECF No. 23 at 6. SSC points to four interests: (1) it is the manufacturer of certain LED components accused of infringement; (2) allegations of

infringement could affect SSC's sales and customer relationships as its accused products are in the stream of commerce; (3) Samsung asserted SSC is obligated to provide indemnification for the accused products; and (4) an injunction would have a direct, immediate, and harmful effect on SSC's inability to supply LEDs to Samsung for sale in the U.S. ECF No. 23 at 6–8.

LWS counters that SSC has failed to establish an interest because it simply made vague and generalized statements regarding its exact involvement in the case. ECF No. 24 at 2. Specifically, LWS states that SSC "stops short of admitting that the LEDs [SSC] supplies are the ones that are accused." *Id.* Per LWS, SSC should be able to ascertain whether the LEDs it supplies to Samsung are accused. *Id.* at 3. LWS also argues that SSC failed to provide evidence of the indemnity agreement. *Id.*

The Court finds that SSC's interests are substantial, direct, and legally protectable interests. Samsung's products that incorporate certain SSC LEDs will be a focus of the litigation. *See, e.g.*, *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-cv-00235, 2017 WL 6059303, at *4 (E.D. Tex. Dec. 7, 2017) (finding that manufacturers of accused products have a substantial interest in patent case against their customers). With discovery stayed until after the *Markman*, SSC must rely on the preliminary infringement contentions and Samsung's representations. Given Samsung's notice to SSC and SSC's relationship with Samsung as an LED supplier, it is clear that SSC has a significant protectable interest. ECF No. 30-1 at 6, ¶¶ 3-5, 7-9; 30-2 ¶¶ 3-6. SSC need not have an interest in all Accused Products to survive a Rule 24 analysis. *See Uniloc 2017 LLC v. AT&T Mobility LLC*, No. 2:18-cv-00514, 2019 WL 1773117, at *3 (E.D. Tex. Apr. 23, 2019).

Furthermore, the Court finds the letter from Samsung regarding its indemnity agreement is sufficient evidence of SSC's immediate financial interests at stake. *See Kadlec Med. Ctr. v.*

*Lakeview Anesthesia Assocs.*, No. 04-007, 2004 WL 2035005, at *2 (E.D. La. Sept. 10, 2004) (finding interest requirement met where named defendant "will seek indemnification against [the intervenor]"). SSC's sales and reputation are also at risk in light of the infringement allegations. *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448, 2010 WL 11488729, at *2 (E.D. Tex. May 10, 2010) ("Courts have held that beyond the injury that might arise from having to indemnify customers, a manufacturer such as Intel faces the loss of its customer base and reputation as a result of patent infringement allegations.").

### 3.     The Impairment Requirement

SSC argues that a finding of infringement, damages, and injunctive relief with respect to the Accused Products containing SSC LEDs would impair SSC's interests "as a concrete, practical matter." ECF No. 23 at 8. Specifically, a ruling in favor of Plaintiff would impact SSC's relationship with other retail customers and trigger indemnity obligations. *Id.* at 9 (citing *Uniloc*, 2019 WL 1773117, at *4).

LWS contends that SSCs assertion are vague. LWS further argues that SSC has failed to prove its LEDs are at issue in this case and that SSC has yet to take the position it provides the same accused LEDs to customers other than Samsung. ECF No. 24 at 4.

The Court finds that disposition of this action may impair or impede SSC's ability to protect its interests. As the manufacturer of some of the accused products, a ruling of infringement could certainly impact SSC's customer relationships and trigger indemnity obligations it similarly owes to Samsung. *Team Worldwide*, 2017 WL 6059303, at *5; *see also Indus. Tech. Research Inst. v. LG Elecs., Inc.*, No. 3:13-cv2016, 2014 WL 5325709, at *11 (S.D. Cal. Oct. 17, 2014) ("As there is no dispute that LG Display may be unable to sell liquid crystal displays to U.S. customers if Plaintiff were to succeed in this litigation, the Court finds that disposition of this action may adversely impair LG Display's significantly protectable interest.").

### 4.     *Inadequacy of Representation*

Last, for mandatory intervention, SSC must show that the existing parties cannot adequately represent its interests. Fed. R. Civ. P. 24(a)(2). The burden is "minimal" and "satisfied if the applicant shows that the representation of his interest 'may be' inadequate." *Texas*, 805 F.3d at 661. Nonetheless, the burden "cannot be treated as so minimal as to write the requirement completely out of the rule." *Cajun Elec. Power Co-op., Inc. v. Gulf States Utilities, Inc.*, 940 F.2d 117, 120 (5th Cir. 1991).

SSC argues inadequacy under two grounds. First, "Samsung lacks detailed knowledge regarding the design detail and operation of at least [the Accused Products]." ECF No. 23 at 9. Second, "Samsung has multiple suppliers for the LED components in question" and therefore "has no interest of its own in prioritizing one structure over another when it comes to non-infringement defenses." *Id.* at 10.

LWS asserts that SSC fails to rebut the presumption by showing adversity of interest, collusion, or nonfeasance. ECF No. 24 at 5. Instead, LWS argues that third-party discovery will sufficiently rectify SSC's concerns. *Id.* LWS also argues that SSC and Samsung recently filed *inter-partes* review proceedings to challenge the validity of the Asserted Patents and used similar prior art to show obviousness under 35 U.S.C. § 103. *Id.* at 6.

The Court is not persuaded that Samsung can best defend SSC's interests. While Samsung and SSC have the same ultimate objective, their interests may diverge to the extent that Samsung could align with the interests of other suppliers of other accused features within the Accused Products. *See Uniloc*, 2017 WL 1773117, at *5. The Court also agrees that SSC possesses the detailed knowledge necessary to understand and defend its own products. *Id. See also Intellectual Ventures I v. LLC v. AT&T Mobility, LLc*, No. 12-cv-193, 2014 WL 4445953, at

*2 (D. Del. Sept. 8, 2014) ("[W]hile Defendants maintain similar interests as Intervenors, they are not as well-situated to understand and defend Intervenor's products.").

The Court finds that SSC meets each of the four requirements necessary for Rule 24(a)(2). Therefore, the Court **GRANTS** SSC's Motion to Intervene.

### B.     Permissive Intervention

SSC alternatively argues that it should be granted permissive intervention under Rule 24(b). The Court agrees.

### 1.      *Common question of law or fact with the main action*

In an exercise of caution, the Court addresses whether it should permit intervention as a matter of discretion. Rule 24(b) provides that a court may permit intervention if (1) the intervenor has a claim or defense that shares with the main action a common question of law or fact, and (2) granting intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b).

The Court finds that SSC meets both elements for permissive intervention. First, LWS alleges that certain LEDs used by Samsung infringe the Asserted Patents. While the parties may dispute which products that entails, LWS's request for alternative relief—that it will willingly drop certain Accused Products to which SSC asserts are at issue—illustrates that SSC has a defense that shares with the main action a common question of law or fact. SSC has raised defenses of non-infringement and invalidity, among others. Certainly, within the defenses are several common questions of law and fact, including whether the claims of the Asserted Patents are valid and enforceable and whether the Accused Products infringe the Asserted Patents. *See, e.g.*, *Uniloc*, 2019 WL 1773117, at *6; *Team Worldwide*, 2017 WL 6059303, at *7; *Acer*, 2010 WL 11488729, at *2.

### 2.    *No undue delay or prejudice*

Furthermore, permitting intervention does not amount to undue delay or prejudice. SSC moved to intervene in the early stages of the case and shortly after recognizing its interests were at stake. SSC has also stated it will comply with the proposed schedule and represented that it will not seek transfer if permitted to intervene. Last, allowing SSC to intervene will likely streamline discovery for all parties. Therefore, alternatively, and in an exercise of discretion, the Court finds that SSC should be allowed to intervene pursuant to Rule 24(b).

## IV.    CONCLUSION

For the reasons set forth above, the Court finds that SSC should be permitted to intervene in this case both under Rule 24(a) and pursuant to the Court's discretion under Rule 24(b). The Court hereby **GRANTS** SSC's Motion to Intervene as a Defendant (ECF No. 23). SSC is **ORDERED** to file its Answer in Intervention within fourteen (14) days of the issuance of this Order.

SIGNED this 22nd day of November, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE