**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| LED Wafer Solutions LLC, <br><br> Plaintiff, <br><br> v. <br><br> Samsung Electronics Co. Ltd., and Samsung Electronics America, Inc., <br><br> Defendants, <br><br> Seoul Semiconductor Co. Ltd., <br><br> Intervenor-Defendant. | Case No. 6:21-cv-292-ADA <br> **JURY TRIAL DEMANDED** <br><br><br> **FILED UNDER SEAL** |

<u>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR INTER-DISTRICT
TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**</u>

██████████████████████

## <u>TABLE OF CONTENTS</u>

Exhibits A-X are attached to D.I. 40.

Exhibits Y–LL are attached to the Declaration of Benjamin Luehrs ("Luehrs"), filed concurrently herewith.

All emphases are added unless otherwise noted.

<u>Pages</u>

I.    THE RELEVANT SOURCES OF PROOF FAVOR TRANSFER .....................................1

II.   THE RELEVANT THIRD-PARTIES RESIDE IN CALIFORNIA—NOT WDTX ..........2

III.  THE WILLING WITNESS FACTOR FAVORS TRANSFER ..........................................3

IV.   THERE ARE NO PRACTICAL PROBLEMS WITH TRANSFER TO NDCA ...............3

V.    THE LOCAL INTEREST FACTOR FAVORS TRANSFER .............................................4

VI.   THE REMAINING PUBLIC INTEREST FACTORS ARE NEUTRAL ..........................5

▮▮▮▮▮▮▮▮▮▮▮▮

# **TABLE OF AUTHORITIES**

**Pages**

## **Cases**

*Fairfield Indus. Inc. v. Wireless Seismic, Inc.*,
  2014 WL 4829071 (E.D. Tex. Sept. 26, 2014) .................................................................. 5

*Fuji Photo Film Co. v. Lexar Media, Inc.*,
  415 F. Supp. 2d 370 (S.D.N.Y. 2006) ............................................................................... 3

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020) ..................................................................................... 4, 5

*In re Apple Inc.*,
  No. 2021-181, 2021 WL 5291804,  (Fed. Cir. Nov. 15, 2021) ......................................... 5

*In re Atlassian Corp. PLC*,
  No. 2021-177, 2021 WL 5292268 (Fed. Cir. Nov. 15, 2021) ........................................... 5

*In re Google LLC*,
  No. 2021-178, 2021 WL 5292267 (Fed. Cir. 2021) .................................................... 1, 5

*In re Google LLC*,
  No. 2021-171, 2021 WL 4592280 (Fed. Cir. 2021) .......................................................... 1

*In re Hulu, LLC*,
  No. 2021-142, 2021 WL 3278194 (Fed. Cir. 2021) .......................................................... 2

*In re Juniper Networks, Inc.*,
  14 F.4th 1313 (Fed. Cir. 2021) ..................................................................................... 1, 5

*In re Netflix, Inc.*,
  No. 2022-110, 2022 WL 167470 (Fed. Cir. Jan. 19, 2022); .............................................. 5

*In re Samsung Elecs. Co., Ltd.*,
  2 F.4th 1371 (Fed. Cir. 2021) ....................................................................................... 1, 4

*Jewell v. Music Lifeboat*,
  254 F. Supp. 3d 410 (E.D. N.Y. 2017) .............................................................................. 4

*Polaris Innovations Ltd. v. Dell, Inc.*,
  No. SA-16-CV-451-XR, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) ....................... 2, 3

*Proven Networks, LLC., v. Netapp, Inc.*,
  No. W-20-CV-00369-ADA, 2021 WL 4875404 (W.D. Tex. Oct. 19, 2021) .................... 2

*Super Interconnect Techs. v. Google LLC*,
      No. 6:21-CV-00259-ADA, 2021 WL 6015465 (W.D. Tex. Nov. 8, 2021).................... 1, 2

Plaintiff attempts to justify continuing this litigation in WDTX based on non-party Samsung Austin Semiconductor LLC's ("SAS") *general* presence in this District and irrelevant witnesses and sources of proof located *outside* this District.  That is legally insufficient to rebut Samsung's motion.  *In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *5-6 (Fed. Cir. 2021).

## I.    THE RELEVANT SOURCES OF PROOF FAVOR TRANSFER

All of the most relevant sources of proof are in Asia and NDCA—none are in WDTX. Technical information—including LED design files and schematics, process flow and operating specifications, and process recipes—is at Samsung in Korea or at third-party suppliers ███████ ████.  Br., 2-3, 8-9; Yoon ¶ 12.  Sales/marketing information regarding the accused LEDs is also in Korea, at SSI in NDCA, or with those suppliers ████████.  Br., 2-4; Yoon ¶ 24.  And critical third-party product prior art evidence is in NDCA.  Br., 4-6.  *See also In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. 2021) (custodian locations relevant).

In response, Plaintiff does not even rely on its purported "principal place of business" in Waco—a "virtual office" that offers conference space on an hourly basis—demonstrating that the alleged presence in this District that Plaintiff relied on in its complaint was a transparent attempt to manufacture venue.  Ex. D; Compl. ¶ 4.  Such attempts to manufacture venue warrant transfer. *See In re Samsung Elecs. Co., Ltd*., 2 F.4th 1371, 1378 (Fed. Cir. 2021).  And none of the three purported sources of proof that Plaintiff identifies is tethered to the parties' claims or defenses:

**(1)** SEA's Plano location and three Dallas-based employees (Opp, 4-8) do not disfavor transfer for two reasons.  ***First***, Plano and Dallas are in EDTX and NDTX, respectively—***not WDTX***.  Exs. Y-Z. This factor considers only "the two competing forums"—here NDCA and WDTX.  *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021); *Super Interconnect Techs. v. Google LLC*, No. 6:21-CV-00259-ADA, 2021 WL 6015465, at *7 (W.D. Tex. Nov. 8, 2021) (error to consider documents in Dallas).  ***Second***, SEA's Plano location and the three Dallas-

1

based employees relate only to the marketing/sale of end-user products sold nationwide—not the accused LEDs.  *See* Ex. II.  Plaintiff's allegations concern ***LEDs*** (Compl. ¶¶ 19, 56, 95, 129)—not end-user products that may incorporate LEDs in addition to many other components.  *See Polaris Innovations Ltd. v. Dell, Inc.*, No. SA-16-CV-451-XR, 2016 WL 7077069, at *5 (W.D. Tex. Dec. 5, 2016) (distinguishing accused technology from devices merely incorporating that technology).

**(2)** Plaintiff's "general counsel" (Opp, 8) does not disfavor transfer because: (1) he "resides in Dallas"—not WDTX (*id.*); and (2) his purported "access" to unspecified documents regarding patent "origination and ownership" appears to refer to assignment records stored in Dallas that are otherwise publicly available and that cannot outweigh the sources of proof in Asia and NDCA.

**(3)** Plaintiff's argument that Germany-based product prior art source Osram GmbH has a subsidiary, "Fluence," in Austin does not disfavor transfer because: (1) the prior art on which Samsung relies is from Osram, not Fluence; and (2) Fluence was created after the alleged priority dates of the Patents-in-Suit and thus would not be a prior art source.  Luehrs ¶ 16; Ex. AA.

## II.   THE RELEVANT THIRD-PARTIES RESIDE IN CALIFORNIA─NOT WDTX

There are no relevant third parties in WDTX.  Samsung identified numerous critical third-party ▮▮▮▮ and prior art witnesses—including Lumileds[1]—in California.  Br., 11-12.  Plaintiff's attempt to ignore those witnesses invites error.  *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *3 (Fed. Cir. 2021); *Super Interconnect*, 2021 WL 6015465, at *4; *Proven Networks, LLC., v. Netapp, Inc*., No. W-20-CV-00369-ADA, 2021 WL 4875404, at *3 (W.D. Tex. Oct. 19, 2021). Plaintiff's identification of a single individual in Dallas—Lance Bierwirth—does not disfavor transfer because: (1) he does not have—and Plaintiff does not allege that he has—knowledge regarding the ***accused LEDs*** or any unique knowledge that Samsung cannot otherwise provide;

---

[1] Samsung served a prior art subpoena on Lumileds after discovery opened.  *See* Exs. JJ, LL.

██████████████████████████████████████

and (2) he is located over 100 miles away from the Waco courthouse.  Exs. BB, KK.

## III.    THE WILLING WITNESS FACTOR FAVORS TRANSFER

Samsung identified numerous willing witnesses for whom NDCA is clearly more convenient.  Br., 2-4, 6, 12-14 (identifying Samsung engineers in Korea, which include Mssrs. ███████████████████████, (Ex. CC), third-party suppliers ██████████, (Yoon ¶ 27; Exs. W, DD–GG), and SSI Senior Sales Manager █████ (Yoon ¶ 22)).  In response, Plaintiff identifies a handful of out-of-district witnesses who cannot tip this factor against transfer.

*First*, Plaintiff's "general counsel"—a lawyer based in Dallas who is apparently the only witness represented by Plaintiff's counsel—appears to have minimal if any relevance because he had no involvement with the conception or prosecution of Plaintiff's patents, which were acquired from Israel-based non-party ViaGan Ltd. about one year before Plaintiff filed suit.  Ex. E.

*Second*, regarding SEA employees Blackard, Diaz, and Repice, Plaintiff persistently (and contrary to law) conflates general knowledge concerning Samsung's mobile devices with specific knowledge about *the accused LEDs*.  SEA's EDTX employees have knowledge regarding the marketing/sales of Samsung's mobile devices.  Ex. II.  But Plaintiff does not (and cannot) allege that any of those witnesses has knowledge regarding the accused LEDs.  *Id.*  SEA's employees in EDTX "do[] not design or develop the accused technical functionality [LEDs], but simply resell[] it in [Samsung's] [phones]."  *Polaris*, 2016 WL 7077069, at *4, *9-*10 (testimony concerning accused functionality outweighs testimony concerning products that merely incorporate that functionality because the question of infringement "can be resolved by determining whether [the LED] component[s] [] are infringing"); *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006).  Accordingly, the location of SEA's employees cannot outweigh the relevance of the Samsung and third-party witnesses in Asia and NDCA.  *Id.*

## IV.    THERE ARE NO PRACTICAL PROBLEMS WITH TRANSFER TO NDCA

Regarding **timeliness**, Samsung filed its motion on November 26, 2021—nearly fourteen weeks before the then-scheduled *Markman* hearing on March 3, 2022 (which was subsequently rescheduled for April 15) and six weeks sooner than was required under the Court's deadline for filing transfer motions without leave. The parties only served discovery on March 23 (with responses due April 22) and the *Markman* hearing has not yet occurred.

**SSC's intervention** in this case is irrelevant for two reasons. ***First***, the transfer analysis is conducted based on the circumstances that existed when the complaint was filed. *In re Samsung*, 2 F.4th at 1376. Accordingly, SSC's subsequent intervention has no bearing on whether Samsung's motion should be granted—especially since SSC does not oppose Samsung's motion to transfer. ***Second***, Samsung requests transfer of this entire case to NDCA, so it would not "result in two cases" (Opp, 13). Plaintiff has not separately asserted claims against SSC, who intervened based on an indemnification related to Plaintiff's allegations ***against Samsung***. Accordingly, the entire case should be transferred to NDCA. *Jewell v. Music Lifeboat*, 254 F. Supp. 3d 410, 422 (E.D. N.Y. 2017) ("[L]itigating the case piecemeal is disfavored when: (1) there is a venue that would be proper for all the defendants . . . [and] (2) the claims and parties are intertwined . . . .").

**Unrelated cases** in which Samsung moved for intra-district transfer to Austin are irrelevant because none of those cases involved the accused LEDs. Ex. 24, ¶ 34; Ex. 26, ¶ 2; Ex. HH, ¶¶ 28-29. And if Plaintiff's reliance on Samsung's unrelated general presence in Austin is given any weight by this Court, that would warrant transfer to the Austin Division.

## V.    THE LOCAL INTEREST FACTOR FAVORS TRANSFER

For a local interest to exist, there must be "significant connections between [this] ***particular venue*** and ***the events that gave rise to a suit***." *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (internal citation omitted). But every fact Plaintiff relies on relates to: (1) non-party SAS; (2) SEA's EDTX presence (outside this "particular venue"); (3) Samsung's "general presence" in

Texas; or (4) future events—none of which are tethered to the events that gave rise to this suit.

Job openings at **non-party SAS**'s offices at 12100 Samsung Boulevard in Austin (Opp, 15; Ex. 21) are irrelevant because SAS does not design, manufacture, or sell any of the accused LEDs. SEA's EDTX employees do not confer a local interest in this District because: (1) local interest "is based on the principle that jury duty is a burden that ought not to be imposed on the people of a community which has no relation to the litigation" and jurors drawn from WDTX have no interest in adjudicating issues involving EDTX residents (*Fairfield Indus. Inc. v. Wireless Seismic, Inc.*, 2014 WL 4829071 at *4 (E.D. Tex. Sept. 26, 2014)); and (2) SEA's employees do not have knowledge regarding the accused LEDs and therefore fail to create any "significant connections between [WDTX] and the events that gave rise to [this] suit" (*Apple*, 979 F.3d at 1345; *id.* at 1346 (connections to NDTX given no weight)). Ex. II. And Plaintiff has not shown (and cannot show) that Samsung's future investments in SAS's presence in Austin are related to the accused LEDs. *Id.* at 1345 n.6. And Plaintiff does not dispute that NDCA has a strong local interest. Opp, 14-15.

## VI. THE REMAINING PUBLIC INTEREST FACTORS ARE NEUTRAL

The Federal Circuit has consistently: characterized the court congestion factor as "speculative"; held that it does not outweigh other factors; and observed that the time to trial between WDTX and NDCA is insignificant. *See In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *4 (Fed. Cir. Nov. 15, 2021); *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *3 (Fed. Cir. 2021); *In re Atlassian Corp. PLC*, No. 2021-177, 2021 WL 5292268, at *4 (Fed. Cir. 2021); *In re Netflix, Inc.*, No. 2022-110, 2022 WL 167470, at *5 (Fed. Cir. Jan. 19, 2022); *Juniper*, 14 F.4th at 1322; *see also* Ex. V (similar filings per judge); Ex. X (similar average/median time to trial). Moreover, Plaintiff would suffer no prejudice due to a longer time to trial because it does not compete with Samsung. Finally, Plaintiff agrees the remaining factors are neutral and it could have brought this action in NDCA.

Dated: March 28, 2022

*/s/ Michael E. Jones*

Michael E. Jones (Texas Bar No. 10929400)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com

John M. Desmarais (pro hac vice)
Email: jdesmarais@desmaraisllp.com
Cosmin Maier (pro hac vice)
Email: cmaier@desmaraisllp.com
Yung-Hoon Ha (pro hac vice)
Email: yha@desmaraisllp.com
Frederick J. Ding (State Bar No. 5651633)
Email: fding@desmaraisllp.com
Alexandra E. Kochian (pro hac vice)
Email: akochian@desmaraisllp.com
Benjamin N. Luehrs
Email: bluehrs@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401

*Attorneys for Defendants Samsung Electronics
Co., Ltd., and Samsung Electronics America, Inc.,*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on March 28, 2022.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on March 28, 2022.

*/s/Michael E. Jones*